IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSICA L. LIVINGSTON,                                         Case No.

    Plaintiff,

v.                                                                                  **JURY TRIAL DEMANDED**

POLLACK & ROSEN, PA,
a Florida Professional Association.

    Defendant.
_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES
## AND DEMAND FOR JURY TRIAL

### I.    Introduction

1. This is an action for damages brought by an individual consumer for Defendant's failure to comply with the provisions of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (hereinafter "FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 (hereinafter "FCCPA"); these laws prevent, respectively, debt collectors and "persons" from, *inter alia*, engaging in abusive, deceptive, harassing, and unfair debt collection practices.

### II.    Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, and 1367.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### III.     Parties

4. Plaintiff, JESSICA L. LIVINGSTON (hereinafter "Plaintiff"), is an individual who resides in the County of Hillsborough, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2), and is also a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant, POLLACK & ROSEN, P.A. (hereinafter "Pollack"), is a professional association incorporated under the laws of Florida, with its principal place of business located at 800 DOUGLAS RD, NORTH TOWER SUITE 450, CORAL GABLES FL 33134 US; Defendant is a "debt collector," as that term is defined under 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6), as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

### IV.     Factual Allegations

THIRD PARTY DISCLOSURE OF PLAINTIFF'S DEBT
JULY 2010

6. In or around July 2010 a representative of Defendant's by the name of Javier placed a call to Plaintiff's father's house.

7. Plaintiff does not live at her father's house and so was not present at the time of the call.

8. The caller identified himself to Plaintiff's father and disclosed the fact that Plaintiff owed a debt.

9. The caller requested that Plaintiff's father have Plaintiff call him back and left a phone number.

10. The caller's disclosure to Plaintiff's father that Plaintiff owes a debt was violative of the FDCPA.

11. By contacting a party other than the consumer regarding the collection of her debt for purposes other than acquiring location information, Defendant failed to comply with the provisions of the FDCPA.

HARASSING, DECEPTIVE TELEPHONE CONVERSATION<br>OCTOBER 2010

12. In or around October 2010 Defendant received a telephone call from Javier, the same representative of Defendant who called Plaintiff's father.

13. During this phone call, Javier was attempting to have Plaintiff enter into a payment plan of $270.00 per month in a plan to satisfy the defaulted debt.

14. Plaintiff explained her current situation, specifically, that she is a single mother of two children who couldn't possibly afford to pay anything towards the debt.

15. The caller then suggested that perhaps Plaintiff could afford to pay $162.00 per month.

16. Plaintiff advised that she could not afford to agree to that amount either.

17. The caller then threatened Plaintiff that she needed to call by the end of the week with a check number, or else Defendant would begin garnishing her wages.

18. During the call, the caller made statements to Plaintiff such as, "Well, you still owe the debt regardless of who you need to feed," and "You got yourself into this debt, so you need to get yourself out."

19. Following the phone call, Plaintiff was so distraught that she began to cry.

20. Upon information and belief it is alleged that Plaintiff would be exempt from wage garnishment, pursuant to Fla. Stat. § 222.11, which provides that, "Disposable earnings of a head of a family, which are greater than $750 a week, may not be attached or garnished unless such person has agreed otherwise in writing."

21. Plaintiff has not provided such a written waiver.

22. To date, garnishment proceedings have not been initiated by Defendant, despite the caller's threat to do so.

23. The caller's statements to Plaintiff could reasonably be expected to abuse or harass Plaintiff, in violation of the FCCPA.

24. The caller's false and/or deceptive threats to garnish Plaintiff's wages when Defendant either had no legal right to do so, or had no present intention to do so, were violative of the FDCPA and FCCPA.

## CALL TO PLAINTIFF'S EMPLOYER
## DECEMBER 2010

25. On or about December 13, 2010 a representative of Defendant placed a call to Plaintiff's employer.

26. At the time, Plaintiff was not available, so Defendant's representative left a message with Plaintiff's co-worker for Plaintiff to call Ms. Berry, at 305-448-0006, ext. 249, regarding a "pending matter."

27. As a result of this call, Plaintiff suffered from fear and stress that her employer would be informed of the fact that Plaintiff owes this debt.

28. Defendant's disclosure of information to Plaintiff's coworker affecting Plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that Plaintiff's coworker had no legitimate business need for the information was violative of the FCCPA.

29. By contacting a party other than the consumer regarding the collection of her debt for purposes other than acquiring location information, Defendant failed to comply with the provisions of the FDCPA.

## COMMON ALLEGATIONS

30. It is alleged that Defendant was attempting to collect a debt originally owed to FIA Card Services, Inc., which was incurred for personal, family, or household purposes, and is therefore a "debt" or "consumer debt" as those terms are defined by 15 U.S.C. § 1692a(5) and F.S.A. § 559.55(1).

31. It is alleged that all acts or omissions of the employees/agents of Defendant were performed within the scope of their respective employment/agency, thus subjecting Defendant to vicarious liability for these acts under the doctrine of respondeat superior.

32. Defendant's actions were performed with the intent to coerce Plaintiff into paying a defaulted consumer debt.

## First Claim for Relief
### Violations of the Federal Fair Debt Collection Practices Act

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 31.

33. The foregoing acts and omissions of Defendant and its employees/agents constitute numerous and several violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692b generally, 1692c(b), 1692d generally, 1692d(2), 1692e generally, 1692e(4), 1692e(5), 1692e(7), 1692e(10), and 1692f generally.

34. As a result of Defendant's failure to comply with the FDCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FDCPA, and recovery for actual damages, statutory damages, and attorney's fees and costs.

## Second Claim for Relief
### Violations of the Florida Consumer Collection Practices Act

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 31.

35. The foregoing acts and omissions of Defendant and its employees/agents constitute violations of the FCCPA, including, but not limited to, Fla. Stat. §§ 559.72(7) and 559.72(9).

36. As a result of Defendant's failure to comply with the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FCCPA, and recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

## V. Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment against Defendant for the following:

a. Equitable relief in the form of a declaratory judgment that Defendant's acts failed to comply with the provisions contained in the FDCPA and FCCPA, pursuant to Fla. Stat. § 559.77(2);

b. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat. § 559.77(2);

c. Statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Fla. Stat. § 559.77(2);

d. Punitive damages, pursuant to Fla. Stat. § 559.77(2);

e. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77(2); and

f. Such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Joseph B. Battaglia
G. Donald Golden, Fla. Bar No.: 0137080
don@brandonlawyer.com
Joseph B. Battaglia, Fla. Bar No. 0058199
joe@brandonlawyer.com
THE GOLDEN LAW GROUP

> 808 Oakfield Drive, Suite A
> Brandon, Florida 33511
> Telephone:  (813) 413-8700
> Facsimile:   (813) 413-8701
> Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

> /s/ Joseph B. Battaglia
> G. Donald Golden, Fla. Bar No.: 0137080
> Joseph B. Battaglia, Fla. Bar No. 0058199